IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
USEC INC.,                                                   :   Case No. 14-10475 (CSS)
                                                             :
            Debtor.[1]                                             :
                                                             :   **Objection Deadline:  05/7/14 at 4:00 p.m. (EDT)**
                                                             :
------------------------------------------------------------ x

**NOTICE OF FILING OF DECLARATION IN
SUPPORT OF EMPLOYMENT OF MERCURY PUBLIC AFFAIRS
LLC PROFESSIONAL UTILIZED IN ORDINARY COURSE OF BUSINESS**

        PLEASE TAKE NOTICE that, on March 7, 2014, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Motion of Debtor for Order Under 11 U.S.C. §§ 105(a), 327, 330 and 331 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business* [Docket No. 57] (the "Motion") with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Court").

        PLEASE TAKE FURTHER NOTICE that, on March 26, 2014, the Court entered the *Order Under 11 U.S.C. §§ 105(a), 327, 330 and 331 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business* [Docket No. 106] (the "Order") granting the relief requested in the Motion.

        PLEASE TAKE FURTHER NOTICE that, in accordance with the procedures set forth in the Order, the Debtor hereby files the *Declaration in Support of Employment of Mercury Public Affairs LLC as Professional Utilized in Ordinary Course of Business* (the "Retention

---

[1]     The Debtor's federal tax identification number is 52-2107911. The Debtor's mailing address is 6903 Rockledge Drive, Suite 400, Bethesda, Maryland 20817.

RLF1 10234554v.1

Declaration") in support of the retention of Mercury Public Affairs LLC (the "Professional"). A copy of the Retention Declaration is attached hereto as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, objections, if any, to the retention of the Professional must be made in accordance with the Order and must be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801, and be served upon and received by (a) the Debtor, USEC Inc., 6903 Rockledge Drive, Suite 400, Bethesda, MD 20817, Attn: Peter Saba, (b) counsel to the Debtor, (i) Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022, Attn: D. J. Baker, and (ii) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: Mark D. Collins, (c) the Notice Parties (as defined in the Order), and (d) the subject Ordinary Course Professional by no later than **4:00 p.m. (Eastern Daylight Time) on May 7, 2014** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, if no objection to the retention of the Professional is received on or before the Objection Deadline or if any objection to the retention of the Professional submitted is timely resolved, the Debtor shall be authorized to retain the Professional as a final matter without further order of the Court.

| | |
|---|---|
| Dated: April 23, 2014<br>Wilmington, Delaware | RICHARDS, LAYTON & FINGER, P.A.<br><br>*/s/ Amanda R. Steele*<br>Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3584)<br>Amanda R. Steele (No. 5530)<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-651-7700<br>Facsimile: 302-651-7701<br>Email: collins@rlf.com<br>    merchant@rlf.com<br>    steele@rlf.com<br><br>- and -<br><br>D. J. Baker<br>Rosalie Walker Gray<br>Adam S. Ravin<br>Annemarie V. Reilly<br>LATHAM & WATKINS LLP<br>885 Third Avenue<br>New York, New York 10022-4834<br>Telephone:  212-906-1200<br>Facsimile:  212-751-4864<br>Email: dj.baker@lw.com<br>    rosalie.gray@lw.com<br>    adam.ravin@lw.com<br>    annemarie.reilly@lw.com<br><br>Counsel for Debtor and Debtor in Possession |

# **<u>EXHIBIT 1</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:                                : Chapter 11
                                      :
USEC INC.,                            : Case No. 14-10475 (CSS)
                                      :
        Debtor.[1]                    :
------------------------------------------------------- x

DECLARATION IN SUPPORT OF EMPLOYMENT OF _Mercury Public Affairs LLC_ "Mercury"
AS PROFESSIONAL UTILIZED IN ORDINARY COURSE OF BUSINESS

I, _Kieran McInerney_, declare that the following is true to the best of my knowledge, information and belief:

1. I am a _Partner_ of _Mercury_ (the "Firm"), which has been employed by the debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case") in the ordinary course of the Debtor's business. The Debtor wishes to retain the Firm to continue providing ordinary course services during the Chapter 11 Case and the Firm has consented to provide such services. This Declaration is submitted in compliance with the Order Under 11 U.S.C. §§ 105(a), 327, 330 and 331 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business (the "Ordinary Course Professionals Order").

2. The Firm provides the following services to the Debtor: _Strategic Consulting with regard to government relations and issues management_

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to the Chapter 11 Case for persons that are parties in interest in the Chapter 11 Case. The Firm does not perform services

---

[1] The Debtor's federal tax identification number is 52-2107911. The Debtor's mailing address is 6903 Rockledge Drive, Suite 400, Bethesda, Maryland 20817.

for any such person in connection with the Chapter 11 Case, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtor or its estate.

4. As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtor, claimants and parties in interest in the Chapter 11 Case.

5. Neither I nor any principal, partner, director, or officer of, or professional employee of the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate with respect to the matter(s) upon which this Firm is to be employed.

6. The Firm intends to bill the Debtor for professional services rendered in connection with the Chapter 11 Case, in accordance with the Ordinary Course Professionals Order, with such bill to include compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm. The principal individuals of the Firm designated to provide services to the Debtor and each such individual's current standard hourly rate are:

| **Professional** | **Hourly Rate** |
|---|---|
| Compensation | $15,000 — per month |
|  |  |
|  |  |

7. The rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its employees and to cover fixed and routine overhead expenses.

8. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients

DC\2550605.18RLF1 10001243v.1

include, among other things, <ins>miscellaneous expenses such as travel are billed in addition</ins> and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

9. No representations or promises have been received by the Firm, nor by any principal, partner, director, officer or professional employee thereof, as to compensation in connection with the Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with the Chapter 11 Case.

10. The Debtor owes the Firm $<ins>30,755.30</ins> for fees and expenses incurred prior to and unpaid as of the date the Chapter 11 Case was commenced (the "Petition Date"), the payment of which is subject to the limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

11. As of the Petition Date:

☑ the Firm was party to an agreement for indemnification with the Debtor. A copy of such agreement is attached as <u>Exhibit A</u> to this Declaration.

-- or --

☐ the Firm was not party to an agreement for indemnification with the Debtor.

12. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of such inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4/23/2014

Name: Kieran Mahoney
Title: Partner

Firm Name: See below
Address:
Telephone: 813-908-1380
Facsimile: 813-969-0368
Email: finance@mercuryllc.com

Mercury Public Affairs LLC
14502 North Dale Mabry Hwy
Suite 104
Tampa, FL 33618

4

## EXHIBIT B

Form of Declaration



## CONSULTING SERVICES AGREEMENT

USEC ("Client") hereby enters into this consulting services agreement ("Agreement") effective as of April 1, 2013 ("Effective Date") to retain Mercury Public Affairs LLC, a New York limited liability company having a business address at 7 World Trade Center, 36th Floor, New York, NY 10007 ("Consultant"), as an independent contractor to perform the services described herein.

1. <u>The Services</u>. Client and Consultant agree that Client hereby retains Consultant to render consulting services to the Client as specified on Schedule 1 attached hereto. In addition, subject to any limitations set forth on Schedule 1, Consultant should provide such other reasonable consulting services as the parties shall mutually agree to in writing (together with the consulting services identified on Schedule 1, the "Services") during the Term (as described below).

2. <u>Payment Terms</u>. Client and Consultant agree that Consultant shall be entitled to receive the fees, compensation and retainer set forth on Schedule 2, which may be modified from time to time as mutually agreed to in writing. In addition, Client agrees to reimburse Consultant for reasonable and customary expenses actually incurred and properly documented in providing the Services. Such expenses would only be incurred with the prior approval of the Client. Payment in full shall be made to Consultant within thirty (30) days after an invoice is rendered. For ongoing fees, compensation or retainers, Client will be billed on the 1st of every month except if Agreement begins mid month. In such cases, Client will be billed on a prorated basis in the first and last month of the Agreement. In the event that Client does not pay such invoices within the specified timeframe, Consultant may suspend provision of Services until payment is made. All payments made by Client shall be without deduction or offset.

3. <u>Term</u>. The term of this Agreement shall begin on the Effective date and will continue in effect until March 31, 2014 (the "Term"). The Term of this Agreement shall continue on a month to month basis thereafter. The Client may terminate this agreement at any time on thirty (30) days prior written notice to the Consultant.

4. <u>Client Contact</u>. Client shall designate to Consultant, from time to time in writing, the primary contact for reporting and billing purposes. Contacts are identified on Schedule 3. Consultant shall keep the primary contact for reporting purposes regularly informed as to the status of the performance of the Services in accordance with this consulting Agreement.

5. <u>Independent Contractor Status</u>. Consultant agrees that it is an independent contractor and not an agent or employee of Client and Consultant will not hold itself out as such an agent or employee. Consultant has no authority or responsibility to enter into any contracts on behalf of Client.

6. <u>Non-Solicitation</u>. Each party acknowledges that the other party's employees are a valuable asset of such party. Accordingly, each party agrees that during the term of this Agreement and for one (1) year thereafter, such party shall not, directly or indirectly, knowingly recruit or solicit, or employ, engage as a consultant, or otherwise retain, any of the other party's employees who are involved in the performance of this Agreement. Each party agrees that the other party's remedy at law for a breach of the provisions of this paragraph shall be inadequate and therefore the non-breaching party shall be entitled to injunctive relief for such breach, without proof of irreparable injury and without posting bond, in addition to any other right or remedy it might have.

7. <u>Confidential Information/Trade Secrets</u>. During the course of the performance of the Services, Consultant may have access to, have disclosed to it, or otherwise (a) Information, in any form whether written, electronic, oral or other, developed by, communicated to, or acquired (including by observation) by Consultant in the performance of the Work as well as the contents of this Agreement (collectively "USEC Proprietary Information"), is of a highly confidential and proprietary nature to the Client. Without the Client's prior written consent, Consultant shall not (1) use any such USEC Proprietary Information for any purpose except to perform the Work under this Agreement; or (2) disclose in any manner (oral, written or otherwise) any such USEC Proprietary Information either during or after the term of this Agreement to any persons, other than (i) Consultant's employees who have a need for access to such USEC Proprietary Information in order to perform the Work under this Agreement provided they are advised of the proprietary nature of the information, and are bound by a written agreement or by a legally enforceable code of professional responsibility to protect the confidentiality of the Proprietary Information; or (ii) other persons who may be designated by the Client to work with Consultant.

(b) The restrictions in this Paragraph entitled "Confidentiality" do not apply to information which:

(i) is in the public domain as of the effective date of this Agreement or enters the public domain thereafter other than through a breach hereof by Consultant

(ii) is disclosed to Consultant by a third party that is legally entitled to disclose such information,

(iii) was known by Consultant prior to its receipt from the Client, or is developed by Consultant independently of Consultant's Work under this Agreement or any disclosures by the Client to Consultant of such information, or

(iv) is required to be disclosed by order of a court of competent jurisdiction, administrative agency or governmental body, or by subpoena, summons or other legal process, or by law, rule or regulation, or by applicable regulatory or professional standards.

8. **Conflict of Interest**

   a) **Relationships with Other Parties.** Based on the names of the USEC competitors listed below, Consultant represents that it is not aware of circumstances that constitute a conflict of interest or that would otherwise impair its ability to provide objective assistance. If Consultant is retained by an entity to provide unrelated supplies or equipment that such engagement may or does present a conflict of interest ("conflicting entity"), the Client agrees not to assert that such relationship causes any conflicts which preclude Consultant from performing the Work, provided that the personnel performing Work for the Client are screened from direct or indirect participation in the conflicting engagement to the Client's reasonable satisfaction. In all cases, Consultant shall not disclose either the Client's or the conflicting entity's confidential information obtained from Consultant's relationships with either entity without prior written consent of the entity from which Consultant obtained the confidential information. Further, Consultant shall not make use of confidential information that it obtained from the Client, or developed under this Agreement.

   b) Furthermore, during the term of the Agreement and for a period of one (1) year thereafter, absent the Client's prior written consent (not to be unreasonably withheld or delayed):

   (i) Consultant shall not represent any other party, or otherwise perform work for another party where (A) such relationship or work is the same or substantially related to the Work under this Agreement, and (B) such representation or work would, in the Client's judgment, be materially adverse to the interests of the Client; or

   (ii) Consultant shall not perform work for:

   (A) the Client's competitors, namely AREVA SA, AREVA, Inc., Urenco Ltd., Urenco, Tenex, GLE (Global Laser Enrichment), or Louisiana Energy Services, or

   (B) any subsidiaries or affiliates thereof engaged in the enrichment of uranium, or

   (C) any other entity engaged in the enrichment of uranium with interests adverse to the Client in any matter substantially related to the Work.

   (c) The term "Conflict Of Interest" means that, because of other activities or relationships with other persons (including, without limitation, competitors of the Client) Consultant is unable or potentially unable to render impartial assistance or advice to the Client, or Consultant's objectivity in performing under this Agreement is or might be otherwise impaired.

9. **Indemnification.** Each party shall indemnify and hold harmless the other party, its principals, employees, officers and agents, (collectively, the "Indemnified Parties") from and against any and all liabilities, losses, claims, demands, actions, judgments, costs and expenses including but not limited to attorney's fees, arising out of or resulting from any negligence, gross negligence or willful misconduct by the indemnifying party, its employees, officers, directors and agents.

Mechanics of Indemnity. Each party's indemnification obligations set forth herein are conditioned upon the Indemnified Parties: (i) giving prompt written notice of any claim, action, suit or proceeding for which the Indemnified Parties are seeking indemnity; (ii) granting control of the defense and settlement of the action to the indemnifying party; and (iii) reasonably cooperating with the indemnifying party with respect to the defense of the action. Notwithstanding the foregoing, the Indemnified Parties may, at their option and expense, participate in the defense or settlement of any claim, action, suit or proceeding covered by this Section 9.

10. Publicity. Both parties shall not use the other party's name, logo, trademarks or service marks in any advertising, publicity releases, or any other materials without prior written approval.

11. Assignment. Neither party shall assign this Agreement or otherwise transfer, subcontract or delegate any of its rights and/or obligations hereunder without the prior written consent of the other and any attempt to do so will be void.

12. Notices. Any notice or other communication required or which may be given hereunder will be in writing and either delivered personally or mailed, by certified or registered mail, postage prepaid, or sent via facsimile or email, and will be deemed given when so delivered personally or if sent via facsimile, to a facsimile number designated below with receipt thereof confirmed electronically, or if mailed, 72 hours after the time of mailing as follows:

If to Consultant:

Mercury Public Affairs LLC
14502 North Dale Mabry Hwy, Suite 104
Tampa, FL 33618
Attention: Bibi Rahim
Telephone: 813-908-1380
Fax: 813-969-0368
Email: Finance@mercuryllc.com

If to Client:

USEC
6903 Rockledge Drive
Bethesda, MD 20817
Attention: John Neumann
Telephone: 202-742-4452
Fax: 202-742-4446
Email: neumannj@usec.com

Client billing contact:

Attention: James Friend
Telephone: 740-897-2605
Email: friendjp@ports.usec.com

Either party may change the persons and address to which notices or other communications are to be sent to it by giving written notice of any such change in the manner provided herein for giving notice.

13. Governing Law. This Agreement shall be governed by and construed in accordance with

the Laws of the State of New York applicable to agreements negotiated, executed and performed entirely within the State of New York, without regard to its conflicts of laws rules.

14. <u>No Liability of Consultant</u>. Consultant shall bear no liability to Client for loss or damage in connection with advice or assistance by Consultant given in good faith performance of the Services.

15. <u>Dispute Resolution</u>. All disputes arising out of or in connection with this Agreement shall be adjudicated in a court of competent jurisdiction located in New York County, New York. Client hereby irrevocably consents to and submits to the personal jurisdiction of such courts and waives any defense in the nature of forum non conveniens or like claim related thereto. Without limiting the foregoing, each party acknowledges that it is hereby waiving any right to have any such dispute resolved by jury trial.

16. <u>General</u>.

   (a) No amendments or modifications shall be binding upon either party unless made in writing and signed by both parties.

   (b) This Agreement constitutes the entire agreement between the parties and supersedes all previous agreements, promises, proposals, representations, understandings, and negotiations, whether written or oral, between the parties respecting the subject matter hereof.

   (c) In the event any one or more of the provisions of this Agreement shall for any reason be held to be invalid, illegal or unenforceable, the remaining provisions of this Agreement shall be unimpaired, and the invalid, illegal or unenforceable provision shall be replaced by a provision which, being valid, legal and enforceable, comes closest to the intention of the parties underlying the invalid, illegal, or unenforceable provision.

   (d) This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together will constitute one and the same instrument.

   (e) The parties hereto agree to perform any further acts and to execute and deliver any further documents which may be reasonably necessary or appropriate to carry out the purposes of this Agreement.

   (f) The section headings contained in this Agreement are inserted for convenience of reference only and will not affect the meaning or interpretation of this Agreement.

   (g) The Consultant agrees that its employees performing services under this Agreement shall abide by the Client's Code of Conduct (the "Code"). The Code can be accessed at:
   http://www.usec.com/company/board-directors/corporate-governance
   The Consultant further agrees that it will ensure that its employees covered by this

Paragraph are provided access to the Code and that they have read and understand its requirements and prohibitions.

(h)     In performing the work under this Agreement, the Consultant shall at all times comply with all applicable federal, state and local laws, rules, and regulations.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the Effective Date noted above.

Mercury Public Affairs LLC.

By: _____

Name: Kirill Goncharenko

Title: Partner

Date: 5 / 9 /2013

USEC

By: _____

Name: Peter B. Sabs

Title: SVP, General Counsel

Date: 5 /16 /2013

## SCHEDULE 1

### Services

Mercury Public Affairs, LLC will provide strategic consulting and management services specific to issues facing the Client in the areas of government relations and issues management.

Consultant will comply with the provisions of all federal, state and local laws, regulations, and requirements pertaining to the performance of services under this contract.

## SCHEDULE 2

### Compensation

For consulting services identified in Schedule One, Client will compensate Mercury Public Affairs, LLC $15,000.00 per month. After three months, the fees may be reassessed due to potential increase in activity.

Polling expenditures and any media/advertising expenditures including both production and placement will be billed in addition to the monthly retainer and will only be made with the approval of the Client.

Additional miscellaneous expenses, such as travel, will be billed in addition to the retainer and expenditures would only be made with the approval of the Client.

## SCHEDULE 3

### Contact Information

| | |
|---|---|
| **If to Client:** | USEC<br>6903 Rockledge Drive<br>Bethesda, MD 20817<br>Attention: John Neumann<br>Telephone: 202-742-4452<br>Fax: 202-742-4446<br>Email: neumannj@usec.com |
| **Client billing contact:** | Attention: James Friend<br>Telephone: 740-897-2605<br>Email: friendjp@ports.usec.com |