IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :    Chapter 11
                                                           :
USEC INC.,                                                 :    Case No. 14-10475 (CSS)
                                                           :
           Debtor.[1]                                      :    Hearing Date: July 7, 2014 at 11:00 a.m. (ET)
                                                           :    Objection Deadline: June 24, 2014 at 4:00 p.m. (ET)
                                                           :
---------------------------------------------------------- x

**DEBTOR'S MOTION FOR AN ORDER EXTENDING EXCLUSIVE
PERIODS DURING WHICH THE DEBTOR MAY FILE AND SOLICIT
ACCEPTANCES OF A PLAN OF REORGANIZATION**

USEC Inc., the debtor and debtor in possession in the above-captioned case (the "Debtor") hereby moves (the "Motion") for entry of an order (the "Proposed Order"), in substantially the form attached hereto as Exhibit A, pursuant to Section 1121(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), extending the periods set forth in Bankruptcy Code Sections 1121(b) and 1121(c)(3) within which only the Debtor may file and solicit acceptances of a plan of reorganization. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Notwithstanding the foregoing, the Debtor consents to the entry of an order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such order absent the consent of the parties. The statutory predicates for the relief requested herein are

---

[1]    The Debtor's federal tax identification number is 52-2107911. The Debtor's mailing address is 6903 Rockledge Drive, Suite 400, Bethesda, Maryland 20817.

Bankruptcy Code Section 1121(d), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

2.      On March 5, 2014 (the "Petition Date"), the Debtor filed a voluntary petition in this Court commencing a case for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

3.      The factual background regarding the Debtor, including its business operations, its capital and debt structures, and the events leading to the filing of the Chapter 11 Case, is set forth in detail in the *Declaration of John R. Castellano, Chief Restructuring Officer of USEC Inc., in Support of Chapter 11 Petition and First Day Pleadings* [Docket No. 3] (the "Castellano Declaration"), filed on the Petition Date and fully incorporated herein by reference.

4.      The Debtor continues to manage and operate its business as a debtor in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Case, and no committee has yet been appointed.

5.      The Chapter 11 Case was filed as a "prearranged" case commenced for the purpose of implementing an agreed restructuring of the Debtor's convertible note debt and preferred stock interests. A plan of reorganization reflecting the agreed restructuring [Docket No. 14] (the "Plan") was filed on the Petition Date, along with a disclosure statement [Docket No. 13] (the "Disclosure Statement") and a motion for approval of solicitation procedures [Docket No. 16] (the "Solicitation Motion"). The hearing to consider the adequacy of the Disclosure Statement (the "Disclosure Statement Hearing") was originally scheduled for April 21, 2014. Due in large measure to ongoing analysis of the costs associated with the limited

demobilization of its American Centrifuge Project (as defined below) as a result of the decision by the U.S. Department of Energy (the "DOE") to reduce the scope of work under the continued domestic enrichment technology research, development and demonstration program, the Debtor adjourned the Disclosure Statement Hearing on several occasions. Most recently, on June 2, 2014, the Debtor filed a *Notice of Adjournment of Hearing to Consider Adequacy of Disclosure Statement and Extension of Corresponding Objection Deadline* [Docket No. 294] indicating the Disclosure Statement Hearing and the hearing to consider approval of the Solicitation Motion would be further continued to July 7, 2014.

## RELIEF REQUESTED

6. By this Motion, the Debtor seeks an extension of the exclusive periods to file a chapter 11 plan of reorganization for ninety (90) days from July 3, 2014 to, through and including October 1, 2014 and to solicit votes on a chapter 11 plan of reorganization for ninety (90) days from September 1, 2014 to, through and including November 30, 2014. The Debtor also requests that such extensions be without prejudice to the Debtor's right to request further extensions or to seek other appropriate relief.

## BASIS FOR RELIEF

7. Bankruptcy Code Section 1121(b) provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a plan of reorganization (the "Exclusive Filing Period"). Bankruptcy Code Section 1121(c)(3) provides that if a debtor files a plan within the Exclusive Filing Period, it has an initial period of 180 days after the commencement of the chapter 11 case to obtain acceptance of such plan (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods"). For the reasons set forth herein, the Debtor believes that cause exists to extend the Exclusive Periods.

A.  **Bankruptcy Code Section 1121(d) Permits the Bankruptcy Court to Extend the Exclusivity Periods "for Cause."**

8. The Exclusive Periods are intended to afford a debtor the opportunity to propose a chapter 11 plan and to solicit acceptances of the plan without the deterioration of and the disruption to the debtor's business operations that might be caused by the filing of competing plans by third parties. Bankruptcy Code Section 1121(d) allows the Bankruptcy Court to extend the Exclusive Periods "for cause." Specifically, Bankruptcy Code Section 1121(d) provides:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

9. It is well established that the decision to extend the Exclusive Periods is left to the sound discretion of the Bankruptcy Court and should be based upon the facts and circumstances of the particular case.[2] See First Am. Bank of N.Y. v. Southwest Gloves and Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986); In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1986). Although the Bankruptcy Code does not define "cause" for purposes of extensions to Exclusive Periods, courts have looked to the legislative history of Bankruptcy Code Section

---

[2] Although the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amended Section 1121(d) by prohibiting extensions of the Exclusive Filing Period and Exclusive Solicitation Period beyond 18 and 20 months of the petition date, respectively, there was no revision to the standards for obtaining interim extensions. Accordingly, pre-BAPCPA case law continues to apply and must be examined in the context of this Chapter 11 Case.

1121(d) for guidance.  See In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996).  Indeed, courts have found that Congress did not intend the 120- and 180-day periods to be a hard and fast rule.  See Amko Plastics, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity); Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of . . . [Section 1121(d)] is flexibility.").  Rather, Congress intended the Exclusive Periods to be of an adequate length, given the circumstances, for a debtor to formulate, negotiate, and draft a viable plan of reorganization, which by definition means one supported by some or all of a debtor's key constituents, without the disruption to its business that would occur with the filing of competing plans.  See Geriatrics Nursing Home v. First Fidelity Bank, N.A., 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition, the court held, is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business.").

    10. Courts have relied on each of the following factors, among others, in determining whether cause exists to extend the Exclusive Periods:  (a) the size and complexity of the case; (b) the necessity of sufficient time to negotiate and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) whether the debtor is paying its debts as they come due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiating with creditors; (g) the length of time the case has been pending; (h) whether the debtor is seeking the extension to pressure creditors; and (i) whether unresolved contingencies exist.  See, e.g., Cont'l Casualty Co. v. Burns & Roe Enters., Inc., 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. 2005); In re Gibson, 101 B.R. at 409-10 (E.D.N.Y. 1989); In re Cent. Jersey Airport Servs., LLC, 282 B.R. 176, 184

5

(Bankr. D.N.J. 2002); In re Express One Int'l Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); In re Grand Traverse Dev. Co. Ltd. P'ship, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); In re Sw. Oil Co. of Jourdanton, Inc., 84 B.R. 448, 451-54 (Bankr. W.D. Tex. 1987).  The application of these factors to the facts and circumstances of the Chapter 11 Case demonstrates that the requested extensions are both appropriate and necessary.

**B.      Cause Exists for an Extension of the Exclusive Periods in This Case.**

11.     As noted above and in the Castellano Declaration, prior to the Petition Date, the Debtor devoted substantial time and effort to formulating a prearranged Plan supported by holders of over 65% in principal amount of the Debtor's convertible note debt (the "Consenting Noteholders"), who are parties to or assignees under a Plan Support Agreement executed with the Debtor on December 13, 2013 (the "Noteholder Plan Support Agreement"), as well as the two holders of the Debtor's preferred stock interests, Babcock and Wilcox Investment Company ("B&W") and Toshiba America Nuclear Energy Corporation ("Toshiba"), each of which executed its own Plan Support Agreement with the Debtor on March 4, 2014 (the "B&W Plan Support Agreement"  and the "Toshiba Plan Support Agreement," respectively, and the Noteholder Plan Support Agreement, the B&W Plan Support Agreement and the Toshiba Plan Support Agreement collectively, the "Plan Support Agreements").  As a result, the Plan, the Disclosure Statement, and the Solicitation Motion were each filed on the Petition Date.  The Debtor believes that it is in the best interest of the Debtor's estate and all parties in interest for the Debtor to continue to pursue confirmation of the consensual Plan as set forth in the Plan Support Agreements and with the support of the Consenting Noteholders, B&W and Toshiba.  Accordingly, the Debtor requests the extension of the Exclusive Periods, and believes cause exists to grant the request, to ensure a successful emergence from bankruptcy without the

6

DC\3247415.3

distraction of competing, third-party chapter 11 plans.  Additionally, the Debtor believes that cause exists to extend the Exclusive Periods for the following reasons:

### (a) The Size, Complexity, and Duration of the Chapter 11 Case

12. The Chapter 11 Case is large in size and complex in nature.  As of the Petition Date, the Debtor's material obligations consisted of (a) convertible note debt in the principal amount of $530 million; (b) preferred stock obligations of approximately $113.9 million; (c) intercompany secured loans in the approximate amount of $56.3 million; and (d) intercompany unsecured loans and other funding in the approximate amount of $274.1 million. In addition, the Debtor is part of a global energy company that is heavily regulated by the DOE, which gives rise to various challenges.  Moreover, as discussed in detail in the Castellano Declaration, the Debtor and its affiliates are in a state of significant transition as they move from the gaseous diffusion technology employed for more than 60 years to a modern, cost-effective gas centrifuge technology (such project, the "American Centrifuge Project").  This multi-year transition process requires significant third-party funding and is currently governed by an agreement between the Debtor and Oak Ridge National Laboratory ("ORNL").  These factors demonstrate the size and complexity of the Chapter 11 Case and weigh in favor of granting an extension of the Exclusive Periods.

### (b) Good Faith Progress Made in the Chapter 11 Case

13. The Debtor has made significant and material progress in the Chapter 11 Case. As an initial matter, the Debtor has stabilized its business and obtained certain relief with respect to the continued use of its cash management system, payment of employee compensation and benefits, continuation of service from utility providers, and payment of taxes and other fees. In addition, in the approximately three months since the Petition Date, the Debtor and its

professionals have devoted considerable time and resources to, among other things, (a) negotiating with its postpetition secured lender with respect to its debtor in possession credit facility; (b) finalizing and filing the Debtor's statement of financial affairs and schedules of assets, liabilities, executory contracts and unexpired leases, (c) negotiating the agreement with ORNL, which is necessary for the continuation of the American Centrifuge Project; and (d) seeking relief with respect to the limited demobilization of certain of the Debtor's business operations and the sale of certain assets.  At all times throughout the process, the Debtor has acted in good faith to maximize value for stakeholders and put its estate in a position to confirm the Plan.

14. The Debtor continues to make good faith progress towards confirmation and consummation of the Plan and emergence from chapter 11. These good faith efforts and progress support an extension of the Exclusive Periods.

### (c) **The Debtor Is Paying Its Debts as They Come Due**

15. Extension of the Exclusive Periods will not prejudice the legitimate interests of postpetition creditors because the Debtor continues to make timely payments on its undisputed postpetition obligations. As such, this factor weighs in favor of allowing the Debtor to extend the Exclusive Periods.

### (d) **The Debtor Is Not Seeking an Extension to Pressure Creditors**

16. The Debtor has no ulterior motive in seeking an extension of the Exclusive Periods. The Debtor has worked diligently in the prepetition and postpetition periods to maximize the value of its estate. The Debtor has been in regular communication with creditors on numerous issues facing the estate, including the terms of the Plan. The Debtor is not seeking an extension to pressure its creditors to take any action, but only to ensure that the Debtor can

pursue confirmation and emergence free from distraction.

17. Relief similar to that requested herein has been granted to debtors in this jurisdiction in other chapter 11 cases. See, e.g., In re Oncure Holdings, Inc., Case No. 13-11540 (KG) (Bankr. D. Del. Oct. 31, 2013) (extending exclusivity periods for ninety (90) days); In re Allied Systems Holdings, Inc., Case No. 12-11564 (CSS) (Bankr. D. Del. Sept. 26, 2012) (same); In re AES Eastern Energy, L.P., Case No. 11-14138 (KJC) (Bankr. D. Del. Apr. 23, 2012) (same); In re Blitz U.S.A., Inc., Case No. 11-13603 (PJW) (Bankr. D. Del. Mar. 28, 2012) (same); In re Nassau Broadcasting Partners, L.P., Case No. 11-12934 (KG) (Bankr. D. Del. Mar. 16, 2012) (same); In re CB Holding Corp., Case No. 10-13683 (MFW) (Bankr. D. Del. June 22, 2011) (same).

18. Based upon the foregoing, the Debtor respectfully submits that cause exists in the Chapter 11 Case to extend the Exclusive Filing Period to, through and including October 1, 2014 and to extend the Exclusive Solicitation Period to, through and including November 30, 2014 pursuant to Bankruptcy Code Section 1121(d).

## **NOTICE**

19. Notice of this Motion will be given to: (a) the United States Trustee for the District of Delaware, (b) counsel to the Debtor's postpetition secured lender, (c) counsel to certain holders of the Debtor's convertible note debt who have entered into a plan support agreement with the Debtor, (d) counsel to the Debtor's preferred stockholders, (e) counsel to the DOE, (f) counsel to ORNL and (g) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. The Debtor will serve copies of the Motion and any order entered in respect of the Motion as required by Local Rule 9013-1(m). The Debtor submits that, under the circumstances, no other or further notice is required.

9

WHEREFORE, the Debtor respectfully requests that the Court (i) enter the Proposed Order, substantially in the form attached hereto as Exhibit A and (ii) grant such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>June 10, 2014 | RICHARDS, LAYTON & FINGER, P.A.<br><br>*/s/ Amanda R. Steele*<br>Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Amanda R. Steele (No. 5530)<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: 302-651-7700<br>Facsimile: 302-651-7701<br>Email: collins@rlf.com<br>         merchant@rlf.com<br><br>- and -<br><br>D. J. Baker<br>Rosalie Walker Gray<br>Adam S. Ravin<br>LATHAM & WATKINS LLP<br>885 Third Avenue<br>New York, New York 10022-4834<br>Telephone: 212-906-1200<br>Fax: 212-751-4864<br>Email: dj.baker@lw.com<br>         rosalie.gray@lw.com<br>         adam.ravin@lw.com<br><br>Counsel for Debtor and Debtor in Possession |