**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                              : Chapter 11
                                                    :
USEC INC.,                                          : Case No. 14-10475 (CSS)
                                                    :
            Debtor.[1]                              : Re: Docket Nos. 16 & 364
---------------------------------------------------------- x

**ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) DETERMINING DATES, PROCEDURES AND FORMS APPLICABLE TO SOLICITATION PROCESS, (III) ESTABLISHING VOTE TABULATION PROCEDURES, (IV) ESTABLISHING OBJECTION DEADLINE AND SCHEDULING HEARING TO CONSIDER CONFIRMATION OF PLAN AND (V) SETTING SPECIAL BAR DATE FOR CERTAIN SECURITIES-RELATED CLAIMS TO BE IMPLEMENTED THROUGH PLAN NOTICING PROCESS**

Upon the motion (the "Motion")[2] of the Debtor for entry of an order (i) approving the proposed Disclosure Statement, (ii) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (iii) approving certain vote tabulation procedures; (iv) establishing the deadline for filing objections to the Plan and scheduling the Confirmation Hearing; and (v) setting a special bar date for certain securities-related claims to be implemented through the Disclosure Statement and the Plan noticing process; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[1] The Debtor's federal tax identification number is 52-2107911. The Debtor's mailing address is 6903 Rockledge Drive, Suite 400, Bethesda, Maryland 20817.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth in this Order.

2. Any and all objections to approval of the Disclosure Statement, to the extent not previously resolved or withdrawn, are overruled.

3. The Disclosure Statement contains adequate information as required by Bankruptcy Code Section 1125 and is hereby approved. Prior to the Solicitation Commencement Date, the Debtor is authorized to make additional correcting, conforming and finalizing changes to the Disclosure Statement.

4. Logan & Company, Inc., in addition to any other duties approved by separate order of this Court, is authorized to act as the Voting Agent and to assist the Debtor in mailing Solicitation Packages and notices, receiving and tabulating ballots on the Plan, and certifying to the Court the results of the balloting.

5. The Voting Record Date, which is the record date for determining which creditors and equity holders are entitled to receive Solicitation Packages and/or notices, is set at July 3, 2014 at 5:00 p.m. (Eastern Time). The Debtor shall instruct those responsible for compiling ownership lists to prepare such lists as of the Voting Record Date.

6. The Voting Deadline, which is the date by which all ballots must be received by the Voting Agent, is _August 11_, 2014 at 5:00 p.m. (Eastern Time), provided, however, that the Debtor is permitted to extend the Voting Deadline at any time before or after the Voting Deadline, on behalf of any individual voter or any voting class, as facts and circumstances may require. The Debtor may implement any such extension by filing notice thereof with the Court and by serving a copy of such notice upon the Voting Agent.

7. The form and substance of the ballots annexed to the Motion as Exhibits A-1, A-2 and B are approved and the Debtor is authorized to use such ballots with respect to the

solicitation of votes on the Plan, subject to the right of the Debtor to make additional correcting, conforming and formatting changes to such ballots.

8. The form and substance of the Debtor Solicitation Letter annexed to the Motion as Exhibit C is approved, and the Debtor is authorized to utilize such Debtor Solicitation Letter in connection with its solicitation of votes on the Plan, subject to the right of the Debtor to make additional correcting, conforming, and formatting changes to such Debtor Solicitation Letter. The form and substance of the Noteholder Solicitation Letter annexed to the Supplement to Solicitation Motion [Docket No. 16] Requesting Approval of Support Letter From Ad Hoc Group of Consenting Noteholders [Docket No. 361] as Exhibit 1 is approved, and the Debtor is authorized to utilize such Noteholder Solicitation Letter in connection with its solicitation of votes on the Plan.

9. The Solicitation Commencement Date is set for no later than July 12, 2014. On the Solicitation Commencement Date, the Debtor shall commence the solicitation and noticing process by mailing the solicitation materials and notices approved in this Order via first class mail.

10. The Solicitation Package is approved for the solicitation of votes on the Plan and shall contain a copy or conformed printed version of:

    (a) the Debtor Solicitation Letter;

    (b) the Noteholder Solicitation Letter;

    (c) the Confirmation Hearing Notice;

    (d) a copy, in paper or CD form, of the Disclosure Statement and all exhibits, including the Plan;

    (e) an instruction letter for use of the CD or obtaining a paper copy of the Disclosure Statement;

    (f) an appropriate ballot; and

(g) a pre-addressed return envelope.

11. The following holders of Claims and Interests classified within Classes 5 and 6, respectively, are entitled to vote on the Plan and, thus, to receive the Solicitation Package: (a) record and beneficial holders, as of the Voting Record Date, of Noteholder Claims in Class 5, subject to the special procedures outlined herein; and (b) holders, as of the Voting Record Date, of Preferred Stock Interests/Claims in Class 6.

12. The following special procedures shall govern the solicitation of votes from the holders of Noteholder Claims in Class 5:

(a) The Indenture Trustee is required to provide the Voting Agent with the names and addresses of the registered holders of the Old Notes as of the Voting Record Date (the "Note Record Holders") in electronic format no later than four (4) days after the Voting Record Date, unless otherwise agreed to by the Indenture Trustee and the Voting Agent. For the avoidance of doubt, the Debtor shall not distribute the Solicitation Package to the Indenture Trustee, and the Indenture Trustee shall not be responsible for the distribution, completion, tabulation, or return of any ballots.

(b) The Voting Agent is required to transmit the Solicitation Package to holders of Noteholder Claims in Class 5 by mailings made no later than the Solicitation Commencement Date to (i) each Note Record Holder for which the Voting Agent has received addresses in electronic format from the Indenture Trustee (or agents therefor) and (ii) each bank, brokerage firm, other nominee or agent for any such nominee (the "Note Nominees") identified by the Debtor or the Voting Agent as an entity through which the beneficial owners of the Old Notes (the "Note Beneficial Owners") hold or held the public securities as of the Voting Record Date.

(c) As to item (b)(ii) above, the Note Nominees shall distribute the Solicitation Package to the Note Beneficial Owners within five (5) business days after receipt of the Solicitation Packages from the Voting Agent and in a manner customary in the securities industry so as to maximize the likelihood that Note Beneficial Owners will receive the materials and be given the opportunity to exercise their rights in a timely fashion.

(d) The Note Nominees may obtain the votes of the Note Beneficial Owners through one of the two following options:

(i) The Note Nominees may transmit the Solicitation Packages to Note Beneficial Owners along with the Beneficial Owners Ballot substantially in the form annexed to the Motion as <u>Exhibit A-1</u>, and a return envelope provided by, and addressed to, the requisite

4

Note Nominees. The Note Nominees shall then summarize the individual votes reflected on the Beneficial Owner Ballots on a Master Ballot to be provided to them by the Debtor in substantially the form annexed to the Motion as Exhibit A-2. The Note Nominees shall then return the Master Ballot to the Voting Agent by the Voting Deadline.

(ii) Alternatively, the Note Nominees may pre-validate the Beneficial Owner Ballots (a "Pre-Validated Ballot") by signing that ballot and by indicating on the ballot the Note Beneficial Owner, the principal amount held by such Note Beneficial Owner, and the appropriate account numbers through which the Note Beneficial Owner's holdings are derived. The Note Nominee shall then forward the Solicitation Package, including the Pre-Validated Ballot, along with a return envelope addressed to the Voting Agent, to the Note Beneficial Owner for voting by such Note Beneficial Owner. The Note Beneficial Owner shall be responsible for returning the Pre-Validated Ballot to the Voting Agent.

13. The Debtor is authorized to reimburse the Note Nominees for their reasonable, actual and necessary out-of-pocket expenses incurred in performing the tasks described herein upon written request by such entities (subject to the Court's retention of jurisdiction to resolve any disputes over any request for such reimbursement).

14. The form and substance of the Notice of Non-Voting Status annexed to the Motion as Exhibit D is approved, subject to the right of the Debtor to make additional correcting, conforming and formatting changes, and such notice is deemed to satisfy the requirements of Bankruptcy Rule 3017(d). The Debtor is authorized to cause the Voting Agent to mail such notice no later than the Solicitation Commencement Date, in lieu of a Solicitation Package, to the Unimpaired Holders as of the Voting Record Date.

15. The form and substance of the Notice of Deemed Rejecting Status annexed to the Motion as Exhibit E is approved, subject to the right of the Debtor to make additional correcting, conforming and formatting changes, and such notice is deemed to satisfy the requirements of Bankruptcy Rule 3017(d). The Debtor is authorized to cause the Voting Agent to mail such notice no later than the Solicitation Commencement Date, in lieu of a Solicitation Package, to the Deemed Rejecting Holders as of the Voting Record Date.

16. In recognition of the challenges associated with providing the Notice of Deemed Rejecting Status to the Interest holders of Common Stock Interests/Claims in Class 7, the Voting Agent shall transmit the Notice of Deemed Rejecting Status to the holders of Common Stock Interests/Claims by mailing a copy no later than the Solicitation Commencement Date to (a) each Interest Record Holder and (b) each Interest Nominee identified by the Debtor or the Voting Agent as Interest Beneficial Owners. To facilitate this mailing process, the transfer agent for the USEC Common Stock Interests is hereby ordered to provide the Voting Agent, within twenty-four hours of the date hereof, an electronic file containing the names, addresses and holdings of the respective Interest Record Holders as of the Voting Record Date or, if unable to provide an electronic file, two sets of adhesive labels and a list containing the same information. Additionally, the Interest Nominees are hereby ordered to distribute the Notice of Deemed Rejecting Status to the respective Interest Beneficial Owners within five (5) business days after receipt of such notice from the Voting Agent.

17. The Debtor is authorized to reimburse the Interest Nominees for their reasonable, actual and necessary out-of-pocket expenses incurred in performing the tasks described herein upon written request by such entities (subject to the Court's retention of jurisdiction to resolve any disputes over any request for such reimbursement).

18. In recognition of the challenges associated with providing the Notice of Deemed Rejecting Status to the Claim holders of Common Stock Interests/Claims in Class 7, this Court (a) determines that the furnishing of the Publication Notice of Deemed Rejecting Status in the form annexed to the Motion as Exhibit F is sufficient to provide notice of the Plan's proposed treatment of Common Stock Interests/Claims to any such prior Claim holders and to bind such holders, and (b) approves the form of Publication Notice of Deemed Rejecting Status, subject to

the right of the Debtor to make additional correcting, conforming and formatting changes. On or as soon as reasonably practicable after the Solicitation Commencement Date, the Debtor is authorized to publish the Publication Notice of Deemed Rejecting Status in the <u>Wall Street Journal</u> (global edition).

19. The Contract and Lease Parties Notice annexed to the Motion as Exhibit G is approved, subject to the right of the Debtor to make additional correcting, conforming and formatting changes. The Debtor is authorized to cause the Voting Agent to mail, no later than the Solicitation Commencement Date, the Contract and Lease Parties Notice to those counterparties to the Contracts and Leases, as identified on Schedule G of the Debtor's Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases [Docket No. 122] filed with the Court on April 4, 2014, not otherwise designated to receive notice of the Plan.

20. No notice related to the Plan need be transmitted to (a) holders of Claims listed on the Schedules of Liabilities (or any amendments thereto) that have already been paid in full during this Chapter 11 Case or that are authorized to be paid in full in the ordinary course of business pursuant to orders previously entered by this Court, (b) any holder of a Claim listed on a notice of satisfaction by the Voting Record Date unless the holder thereof has filed an objection thereto by the objection deadline and such objection has been granted by this Court, (c) any person to whom the Debtor mailed a notice of the commencement of the Chapter 11 Case and first meeting of creditors if such notice was returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtor or its agents have been informed in writing by such person of, or have otherwise ascertained, that person's new address or (d) any holder of a Claim that was disallowed in full by order of the Court.

21. Solicitation Packages and all forms of ballots and notices approved by this Order shall be mailed for informational purposes to the U.S. Trustee and other parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

22. Pursuant to Bankruptcy Code Section 105(a), the following guidelines are established for tabulating the votes to accept or reject the Plan:

(a) <u>Votes Counted</u>. Subject to other provisions of this Order, any ballot that is timely received, that contains sufficient information to permit the identification of the Claim or Interest holder and that is cast as an acceptance or rejection of the Plan shall be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. In the event that no votes to accept or reject the Plan are received with respect to a particular Class, the Debtor will request at the Confirmation Hearing that the Court deem such Class to have voted to accept the Plan.

(b) <u>Votes Not Counted</u>. The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

(i) any ballot received after the Voting Deadline unless the Debtor has granted an extension of the Voting Deadline with respect to such ballot;

(ii) any ballot that is illegible or contains insufficient information to permit the identification of the Claim or Interest holder;

(iii) any ballot cast by or on behalf of a person or entity that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan;

(iv) any ballot that does not indicate an acceptance or a rejection of the Plan or that indicates both an acceptance and a rejection;

(v) any ballot that partially accepts and partially rejects the Plan; or

(vi) any unsigned ballot or any ballot that has a non-original signature (except as provided for Master Ballots transmitted by facsimile).

23. Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast voting the same Claim or Interest prior to the Voting Deadline, the last-dated ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and, thus, to supersede any prior ballots, without prejudice to the Debtor's right to object to the validity of the second ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first ballot for all purposes.

24. The Debtor is authorized to reject any and all ballots not in proper form, the acceptance of which would, in the opinion of the Debtor or its counsel, be unlawful. The Debtor is further authorized to waive any defects or irregularities or conditions of delivery as to any particular ballot. The interpretation (including the ballot and the respective instructions thereto) by the Voting Agent and the Debtor, unless otherwise directed by this Court, shall be final and binding on all parties. Unless waived, any defects or irregularities in connection with deliveries of ballots shall be cured within such time as the Debtor (or the Court) determine. Neither the Debtor nor any other person shall be under any duty to provide notification of defects or irregularities with respect to deliveries of ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such ballots shall not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall be invalidated.

25. Claim or Interest splitting on a single ballot is not permitted and creditors or Interest holders who vote must vote the entire Claim or Interest amount represented on their ballot to either accept or reject the Plan.

26. Any Claim or Interest holder who has delivered a valid ballot for the acceptance or rejection of the Plan is permitted to withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline or, with the written consent of the Debtor, after the Voting Deadline. A notice of withdrawal, to be valid, must (a) contain the description of the Claim(s) or Interest(s) to which it relates and the amount of such Claim(s) or Interest(s), (b) be signed by the withdrawing party in the same manner as the ballot being withdrawn, (c) contain a certification that the withdrawing party owns the Claim(s) or Interest(s) and possesses the right to withdraw the vote sought to be withdrawn and (d) be received by the Voting Agent prior to the Voting Deadline or after the Voting Deadline with the Debtor's written consent.

27. Original executed ballots shall be returned to the Voting Agent and the Voting Agent is hereby directed to reject any ballot that is sent via facsimile or electronic mail transmission; *provided, however,* that ballots submitted by facsimile or electronic mail transmission may be accepted by the Voting Agent in the sole discretion of the Debtor. A Master Ballot, however, that is sent via facsimile and timely received by the Voting Agent shall be accepted by the Voting Agent provided the original signed Master Ballot is received by the Voting Agent by overnight mail or courier within two (2) business days of submission of the facsimile.

28. The following procedures are hereby established for tabulating votes cast with respect to the Old Notes by the holders of Noteholder Claims in Class 5:

   (a) Note Nominees electing to use the Master Ballot voting process are required to retain for inspection by the Court the ballots cast by Note Beneficial Owners for one (1) year following the Voting Deadline. Note Nominees using Pre-Validated Ballots shall keep a list of those Note Beneficial Owners to whom Pre-Validated Ballots were sent for one (1) year following the Voting Deadline.

10

(b) To avoid double counting, (i) votes cast by Note Beneficial Owners of the Old Notes through a Note Nominee and transmitted by means of a Master Ballot or Pre-Validated Ballot, shall be applied against the positions held by such Note Nominee with respect to the Old Notes, and (ii) votes submitted by a Note Nominee on a Master Ballot or Pre-Validated Ballot shall not be counted in excess of the position maintained by the respective bank or brokerage firm on the Voting Record Date in the Old Notes.

(c) To the extent that conflicting votes or overvotes are submitted on a Master Ballot or Pre-Validated Ballot, the Voting Agent shall attempt to resolve the conflict or overvote prior to the Voting Deadline in order to ensure that as many of the votes as possible are accurately tabulated.

(d) To the extent that overvotes on a Master Ballot or Pre-Validated Ballot are not reconcilable prior to the Voting Deadline, the Voting Agent shall count votes in respect of such Master Ballot or Pre-Validated Ballot in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballots or Pre-Validated Ballots that contained the overvote, but only to the extent of the applicable bank's or brokerage firm's position on the Voting Record Date in the Old Notes.

(e) Note Nominees shall be authorized to complete multiple Master Ballots, and the votes reflected by such multiple Master Ballots should be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots submitted are inconsistent in whole or in part, the latest dated Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede and revoke any prior Master Ballot, subject to the Debtor's right to object to the validity of the second Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if such objection is sustained, the first Master Ballot will then be counted.

(f) Each Note Beneficial Owner of an Old Note shall be deemed to have voted the full principal amount of its claim relating to such Old Note, notwithstanding anything to the contrary on any ballot, although the Voting Agent may be asked to adjust the principal amount voted to account for any interest or accretion factor.

29. The Confirmation Hearing is scheduled for September 5, 2014 at 1:00 p.m. (Eastern Time).

30. The Plan Objection Deadline is _August 22_, 2014 at _4:00_ _p_.m. (Eastern Time). All objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures and (b) received by (i) Latham & Watkins LLP, attn.: D. J. Baker, 885 Third Avenue, New York, New York 10022,

11

Fax: (212) 751-4864, E-mail: dj.baker@lw.com; (ii) Richards, Layton & Finger, P.A., attn.: Mark D. Collins, 920 N. King Street, Wilmington, Delaware 19801, Fax: (302) 651-7701, E-mail: collins@rlf.com; (iii) Young Conaway Stargatt & Taylor, LLP, attn.: James L. Patton, Jr., 1000 N. King Street, Wilmington, Delaware 19801, Fax: (302) 576-3325, E-mail: jpatton@ycst.com; (iv) Akin Gump Strauss Hauer & Feld LLP, attn.: Michael Stamer, One Bryant Park, New York, New York 10036, Fax: (212) 872-1002, E-mail: mstamer@akingump.com, and attn: James Savin, 1333 New Hampshire Ave. N.W., Washington DC 20036, Fax: (202) 887-4288, E-mail: jsavin@akingump.com; (v) Pepper Hamilton LLP, attn.: David Stratton, Hercules Plaza, Suite 5100, 1313 Market Street, Wilmington, Delaware 19899, Fax: (302) 656-8865, E-mail: strattond@pepperlaw.com; and (vi) The Office of the United States Trustee for the District of Delaware, attn.: Mark S. Kenney, 884 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801.

31. The deadline for filing a reply (a "Reply") to objections to confirmation of the Plan, if any, is _September 2_, 2014 at _4:00_:_p_.m. (Eastern Time). All Replies must be filed and served in accordance with the procedures set forth in the preceding paragraph 30.

32. The Confirmation Hearing Notice in substantially the same form annexed to the Motion as Exhibit H is approved, subject to the right of the Debtor to make additional correcting, conforming and formatting changes. As set forth above, the Confirmation Hearing Notice shall be included in the Solicitation Package and provided to each person or entity that has requested or that is required to receive notice pursuant to Bankruptcy Rule 2002, and shall be posted on Logan & Company, Inc.'s website available via http://www.loganandco.com.

33. On or as soon as reasonably practicable after the Solicitation Commencement Date, the Debtor shall publish the Publication Notice, which is a short-form

notice of the Plan Objection Deadline and the Confirmation Hearing, substantially in the form annexed to the Motion as Exhibit I, in the Wall Street Journal (global edition), the Washington Post, the Pike County News Watchman and the The Oak Ridger, subject to the right of the Debtor to make additional correcting, conforming and formatting changes.

34. The Special Bar Date, which is the date by which any claims (a) arising from the rescission of a purchase or sale of a security of the debtor, (b) for damages arising from the purchase or sale of such a security, or (c) for reimbursement or contribution allowed under Bankruptcy Code Section 502 on account of such a claim (collectively, a "510(b) Claim") must be filed, is _August 11_, 2014 at 5:00 p.m. (Eastern Time). Any person desiring to assert a 510(b) Claim shall deliver a Proof of Claim by no later than the Special Bar Date to Logan & Company, Inc. (the "Claims Agent"), the Debtor's court-approved claims agent, at the following address: USEC Inc. Claims Docketing Department, c/o Logan & Company, Inc., 546 Valley Road, Upper Montclair, NJ 07043. Any 510(b) Claim that is not asserted in a Proof of Claim received by the Claims Agent before the Special Bar Date shall be barred and shall not be entitled to receive any payment or distribution of property from the Debtor or its successors or assigns with respect to such Claim. The notice of the Special Bar Date to be given in the Disclosure Statement, in the Notice of Deemed Rejecting Status and in the Publication Notice of Deemed Rejecting Status is approved in all respects and shall be deemed good, adequate, and sufficient notice to reach potential holders of 510(b) Claims. Notwithstanding anything to the contrary in this Order or the Motion, the Special Bar Date shall not apply to, prejudice or otherwise affect the rights of the holders of Preferred Stock Interests/Claims.

35. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

36. This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
         July 7         , 2014

                                        THE HONORABLE CHRISTOPHER S. SONTCHI
                                        UNITED STATES BANKRUPTCY JUDGE

DC\3519379.2RLF1 10484830v.2